UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KELVIN WELLS

CIVIL ACTION

VERSUS

NUMBER 09-649-JJB-SCR

TIMOTHY TRAYNOR, ET AL

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, August 18, 2009.

                                  STEPHEN C. RIEDLINGER
                                  UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KELVIN WELLS

VERSUS

TIMOTHY TRAYNOR, ET AL

CIVIL ACTION

NUMBER 09-649-JJB-SCR

### MAGISTRATE JUDGE'S REPORT

Pro se plaintiff Kelvin Wells filed this civil action against defendants Timothy Traynor, Projects Equipment Company and Wire Rope Corp. Plaintiff alleged:

> Traynor intentionally swung 32,000 lbs into my Father, Theodore Patterson, my Father had complained of racism and other illegal activities in Jobsite. My Father died from those injuries and the other defendants helped cover up the murder.[1]

The court will interpret this allegation as a claim for wrongful death under Louisiana Civil Code article 2315.2.[2]

This court does not have subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff alleged that Traynor lives in New Orleans, Louisiana, which the court will take to mean that Traynor

---

[1] Record document number 1, Complaint, ¶ 4 (emphasis in original). Plaintiff did not allege when any of these events occurred.

[2] Plaintiff's allegations cannot be reasonably read to assert a claim for the violation of his father's civil rights. To raise a valid claim under 42 U.S.C. § 1983, a plaintiff must prove that a state actor infringed his constitutional rights. *Romero v. Lann*, 305 Fed.Appx. 242 (5th Cir. 2008). None of the defendants are state actors.

is a Louisiana citizen.  Plaintiff is also a Louisiana citizen. Because there is not complete diversity of citizenship between the plaintiff and all the defendants, the court does not have subject matter jurisdiction under § 1332.  There is no other apparent basis for subject matter jurisdiction.

## Recommendation

It is the recommendation of the magistrate judge that the plaintiff's Complaint be dismissed without prejudice for lack of subject matter jurisdiction.

Baton Rouge, Louisiana, August 18, 2009.

*[signature]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE